All right, the next case on the calendar is United States v. Ragonese. Thank you. Okay, Miss Cassidy, whenever you're ready. Miss Cassidy, you have two minutes reserved for rebuttal. Good morning, Your Honors. May it please the Court. The issue on appeal is whether the mandatory minimum enhancements for child pornography from 0 to 10 and 5 to 15 years apply based on a state law offense that is not a categorical match for abusive sexual activity. This court held in Beardsley that the strict categorical approach must be used to determine whether a state conviction is for an offense relating to abusive sexual conduct involving a minor under 2252A. The generic offense of abusive conduct involving a minor requires sexual contact for the purpose of sexual gratification. This is... Excuse me, where do we get that, Miss Cassidy? That definition you just gave of the general categorical definition. That definition comes from several circuit cases, including three cases in this circuit. All the circuits that have addressed are in broad agreement, basically, that that's the definition. And it originally comes from just the ordinary meaning of the word sexual. But there are... Well, but is this not sexual conduct? Well, not if it does not require that it be done for the purpose of sexual gratification. Really? I mean, this is... The statute talks about contact between the penis and anus, the mouth and the penis, or the mouth and the vulva. That's not sexual conduct. It could be sexual or it could be for a purpose of humiliation. Suppose it is. That just makes it abusive sexual conduct, doesn't it? You're abusing somebody in a sexual way. It doesn't have to be for your sexual pleasure or his or hers. Well, Your Honor, as Judge Engelmeyer explained in Votto and the Eighth Circuit explained in Lindgren, and there's another case as well, a district court case in this circuit. But didn't we uphold an enhancement in Barker for a basic statutory rape situation? And that did not... That statutory rape statute in Vermont did not reference having sexual intercourse with a minor for the purpose of sexual gratification. Your Honor, that... But that was not the issue in Barker. That was never raised, and had that issue been raised, the lack of that purpose, Barker may have come out differently. It may have. We may have said that statutory rape is not sexual abuse of a minor. I mean, that's an interesting speculation. But let's get back to what's... I mean, the history of these for purposes of sexual gratification elements in sexual misconduct statutes has to do with cases of statutes that prohibit sexual contact generally of a lesser degree than intercourse or penetration. In other words, if one contacts another person's buttock or breast or genitals in a crowded subway car, but it's just by accident, it's not for purposes of sexual gratification, it doesn't count as a crime. Or if one is a doctor performing medical services and touches another person's genitals for purposes of medical treatment rather than for purposes of sexual gratification, it's not a crime. Some statutes say that with respect to other types of more aggressive or... penetrative even contact, but there are equally many statutes that talk about for purposes of sexual gratification or humiliation. So I'm having a little hard time understanding why we should say that conduct of this kind is not categorically abusive sexual conduct. Well, Your Honor, first I do want to clarify that the New York statute here, the sodomy statute, does not require penetration. It is a touching. It requires this contact between... It requires contact between the genitals, for example, or between the genitals and the mouth, or the genitals and the anus. I mean, this is not just casual contact that we're talking about here. But it could cover, for example, a hazing kind of situation where someone sits... Yeah, right, it could, and wouldn't that be abusive sexual conduct if the conduct is sexual and it's for purposes of abuse? Well, it would come under a different set of statutes in New York. In New York, there was a whole different line of statutes and still is called sexual abuse. And if something is for the purpose of sexual gratification, it would be sexual abuse. But it could be sodomy even without that purpose. I'm having a hard time understanding. You said you think Barker, because it didn't address sexual gratification specifically, might have come out differently. But that's ignoring the holding of Barker, which says, in some federal law defines the category of laws relating to abusive sexual conduct involving the minor. But that category is defined only in general terms, recognizing diversity among the several states in the specific elements of sexual misconduct laws. And then later in the opinion, we say we conclude that a law that prescribes nonconsensual acts with a minor addresses by its nature abusive sexual conduct. So why isn't that the holding of Barker, regardless of which element we're talking about? The bottom line is, if it's a nonconsensual act with a minor, it's abusive sexual conduct. Well, there is the second half of that sentence, Your Honor. The court says, we conclude that a law that prescribes non— relating to, and we specifically said we allow for diversity among the states into particular elements. And you want to say that, notwithstanding the language of the statute, which uses relating to, doesn't say—doesn't have enumerated crimes for federal purposes. You're saying that we should ignore the relating to, ignore what we said in Barker, and conclude that there's no sexual gratification element. It's not abusive sexual conduct with a minor, which is, I think, contrary to common sense, to be honest with you. Well, Your Honor, it does sound contrary to common sense. Sometimes these categorical analyses do sound— I know, but that's why they have relating to. Sometimes we don't have language like relating to, to help avoid, you know, these situations that make no sense. But we have, in this particular circumstance, someone thought about it and put in relating to, right? Well, that's the second part of the argument, Your Honor. First is whether the generic definition does require sexual gratification as a purpose. And just to sum up quickly, we submit that it does, based on several, I think, Sixth Circuit's adoption of that definition, including the Eighth Circuit's ruling that you can't have an offense. But why should we? I'm just having trouble understanding why we should adopt the Sixth Circuit or the Eighth, with all due respect to those backwater circuits, I don't understand why we should adopt that rule. Where are we to look for a generic definition? In the dictionary definitions. There are dictionary definitions of the term sexual. This is what Judge Engelmeyer did, and this is what the original definition came from, an Eleventh Circuit case that looked to the dictionary definitions because— The dictionary definition of this statute says sexual conduct, right? So you're saying that the New York statute is talking about something, it calls sexual conduct, but it's not sexual conduct. No, the way it defines it is any contact between these body parts for any purpose. There's no purpose required. So if it's not for the purpose of sexual gratification, that's what the analysis has been. It says deviant sexual intercourse was at the time defined to mean sexual conduct between persons not married to each other consisting of particular types. It's not all sexual conduct, but it is this type of sexual conduct. So I'm having trouble understanding why you would say that the kinds of sexual conduct that they are specifically referencing are not actually sexual conduct. How could dictionaries define the way people use language? I mean, if somebody's talking about contact between the penis and the anus or the mouth and the penis, and you ask them, is that sexual conduct? They'd say yes, just as the New York legislature said yes. Well, all of the statutes that issue in all the circuit cases have had some form of contact between sexual organs as the elements, and the courts have upheld them only where the purpose is for sexual gratification. What do you make of the words relating to? Well, relating to, that's the second issue, is that basically the district courts and the government's use of the interpretation of the term relating to eviscerates the categorical approach. There is no categorical approach possible if relating to means anything associated with. And we submit that this court should limit the definition, the meaning of the term related to, as other courts have done in the criminal context. First of all, the government's broad definition of the phrase relating to, which was picked up by Barker and other cases, other circuit cases, comes from a civil case, Morales v. Trans World Airlines. But criminal statutes are construed narrowly. The Supreme Court construed the same term relating to narrowly in Mullooly in an immigration statute, which, like criminal statutes, has severe consequences for the individual and should be construed narrowly. The court said these words are indeterminate, but extended to their furthest stretch of indeterminacy, they stop nowhere. And the court required a categorical match in that case. All right, Ms. Cassidy, I think we've gone over your time, and you have two minutes for rebuttal. Thank you. Thank you. All right, we'll hear now from Mr. Wolf. May it please the court. My name is Daniel Wolf. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States on this appeal. I also represented the United States in the district court below. This court in Barker held that a law that prescribes nonconsensual sexual acts with a minor is a law that categorically relates to the generic offense of abusive sexual conduct involving a minor. And as such, such a state law triggers the sentencing enhancement at issue here. In this case, Ryan Ragonese, the defendant, in 1996, was convicted of violating a state law that prescribes  sexual conduct with a minor. Specifically, he was convicted of attempted sodomy in the first degree, which, as Judge Lynch mentioned, prescribes sexual conduct with a child less than 11 years old in three narrow categories. Contact between the anus and the penis, contact between the mouth and the penis, or contact between the mouth and the vulva. As a result of that conviction, at the time that the defendant, Mr. Ragonese, was sentenced in the district court for his child pornography offense, he had a prior conviction that categorically related both to abusive sexual conduct involving a minor and, as we mentioned in our brief, aggravated sexual abuse. And because of that, he was properly found to be subjected to the sentencing enhancement at issue here. Well, Mr. Wolf, where do you think we should look for a generic definition of abusive sexual conduct? How do we find out what is the generic categorical type meaning of that? Yes, Your Honor. So I think the approach that this court took in Barker was in large part to look to the decisions of other circuits and essentially to adopt. And what those circuits did was employ ordinary tools of statutory construction to look at the dictionary definitions of the term and employ a definition. Well, what do you say, though, then, to Ms. Cassidy's argument that if we're looking to other circuits, she says that other circuits have required a purpose of sexual gratification so that, for example, the anal rape of a high school student, in order to humiliate that person, would not be abusive sexual conduct unless there was an element in it. If that was under the state statute enough without showing that the person who did it intended to be sexually gratified rather than just to humiliate somebody, it wouldn't qualify. Is she right about what those circuits have held? She's incorrect in the sense that in making that statement, what the defendant is doing is she's reading out from the claim text of the statute the phrase relates to. So you think this is not necessarily abusive sexual conduct. You think it is only conduct that relates to abusive sexual conduct. What's the difference? And if there is a I don't think it runs into the to sort of address the second question first about vagueness. I don't think it runs into a vagueness problem for a variety of reasons. I think first and foremost, as this Court, I think, and Bonk recently decided in Scott, that in order for vagueness to be a concern, the party asserting vagueness must demonstrate two things. Both that it is theoretically possible to prosecute the state offense in the nature as being said, but also that there's a realistic probability that that type of prosecution could occur. Here, I don't think that the defendant has offered any realistic probability that such a prosecution could occur. In fact, the you had a hazing ritual in which the applicant to a fraternity or sorority was required to engage in oral sex with one of the members of the fraternity or sorority or with someone else brought in for the occasion. And this was purely certainly not intended for anybody's sexual gratification. It was just to embarrass and humiliate the person. Wouldn't that be a perfectly normal example of something that is not for purposes of sexual gratification and is abusive, might look to me like sexual, but you're saying, no, no, no, we have to rely on relating to to get there. That's exactly right. The government's position is that the relating to language does do the work. Assuming that the generic definition does include a sexual gratification requirement, the relating to language does. You're saying that relating to is there in case you need it. You don't need it, but it's there in case. I think that's right. Again, as this court recognized in Barker, consistent with the other circuits that have examined the legislative history of this particular sentencing enhancement. Suppose an employer is a male employer is prosecuted under a statute that prohibits contact between a person and another person's buttocks. And the evidence is that he slapped his female secretary on the buttocks. And he said, well, I wasn't getting sexual gratification. It was just a friendly pet. And the law in the state, maybe quite appropriately, says it doesn't matter. That's abusive and we don't like it. It's sexual harassment and we're making it a crime. Is that a statute that relates to abusive sexual conduct? Let's assume the employee in the case is under 18 or whatever the age is relevant. We are assuming, I think, for purposes of the hypothetical that there's actually such a law that exists. And I think, again, employing the... You don't think there could be? You don't think it would be reasonable for a state to enact such a law? I mean, what we're talking about is, if you say relating to, you're opening up all kinds of things, aren't you? And anything that has anything to do with? It may not be abusive sexual conduct, but it's kind of in the zone, in the ballpark. It's kind of like it? Well, I don't think that's necessarily correct. This court in Beardsley, for example, the very case in which this court held that the categorical approach applies to this statute applied the categorical approach and the related to language to hold that a New York State statute, a misdemeanor, reckless endangerment of a minor statute, did not categorically relate to sexual abuse of a minor. So I don't think that the related to... So the government is suggesting in this situation, essentially we should follow Barker's ordinary understanding of the term abusive sexual conduct of a minor, which would be any law that prescribes non-consensual acts with a minor would qualify. Essentially, that's what the government is asking this court to hold, right? It's still a categorical approach, but that would be the definition that would be used to analyze it categorically. I think that's right. That would be the definition. I think that... So if the state statute had those elements that satisfied that general definition, it would be categorical. I think that's right, but I do think I will again emphasize that I do think that the phrase relates to does have a role to play, and I think that's an intentional choice by Congress. It has a role to play because in our ordinary definition, we wouldn't have gratification as part of that. So in that sense, it does have a role to play, that we're allowing for diversity of elements, as we said in Barker, other than this core. These are the core elements. There may be some other elements that a state may add, but these are the core elements. That's exactly right, and to piggyback off a point that defense counsel made regarding Malooly, that's actually an example of a statute where Congress actually intentionally, by the text of the statute, narrowly roped in the definition of relating to by including a parenthetical that defined the actual federal offenses that were subject to relating to. I see that my time is running out. I did want to briefly address, if the court would indulge me, the argument in our brief about how independent of this state offense categorically relating to a crime of sexual abuse of conduct involving a minor. That wasn't even argued below, right? That is correct. It was not argued below, but I think given that this is an issue that this court is reviewing de novo, it is an option for this court to affirm. I think we have your papers on that, so unless there are any questions about that, I think we'll hear the rebuttal. Yes. Thank you, Your Honor. Just a few points. So it's now clear from the government's argument that its argument does hinge on its broad interpretation of the term related to. And I note that in this court, this court in Beardsley applied a strict categorical approach, element for element comparison, despite the term related to. But in Beardsley, you had a general child endangerment statute, which applied far beyond the realm of any kind of sexual conduct at all, right? Well, that's correct, Your Honor, but this court did state, it is not surprising, in holding that the strict categorical approach was required, it is not surprising that Congress would word a mandatory sentencing statute narrowly. That's right, but I mean, the question here isn't whether we apply a categorical approach, it's what's the categorical meaning of the enhancement that Congress prescribed. Right. And so the government's argument is that it should be anything that relates to, that is any state offense that is associated with Not state of facts, elements of the offense. In other words, there's no question here. I mean, for example, we discussed the possibility of penetration as an element, and you rightly pointed out that's not an element. But factually, Mr. Raganese admitted in his plea allocution that he did penetrate the mouth of an eight-year-old girl with his penis. But that doesn't count, because that's just what he did. It's not an element that's required by the offense of conviction. That's the distinction that was at issue in Beardsley. Right, between whether we do the modified or strict categorical approach. But the categorical approach, whether modified or not. Either way, the distinction in Beardsley is between what the defendant admitted to doing, or what the police report said, or even what the testimony before a jury was, and what the elements are of the crime of conviction. We're talking about how do the elements of the crime of conviction match up with the federal statute. We're not talking about what he did. Right. If we were talking about what he did, we wouldn't probably even be here. But the other aspect of the categorical approach, aside from the fact that you don't consider conduct, you consider the elements, is that you do have an element by element comparison. That the state offense cannot be broader in its elements. It must be as narrow or the same as the federal generic offense. So that's what we're disputing. Don't you think it would be somewhat odd that, I know this may not be controlling, but if you look at the statute, the federal offenses that are enumerated for this enhanced penalty, in many respects the conduct is very sexual gratification. So what you've been saying to the state, basically, even though this conduct is the same type of conduct that we're going to apply this enhancement for the federal crimes, because the state also has sexual gratification, enhancement doesn't apply. Is that really what you think Congress intended? Well, yes, Your Honor. And there's been a lot written and a lot argued back and forth about whether these federal definitions, federal crime definitions should be, whether the state offenses should be defined the same way as the federal offenses are. And the answer has been no from every circuit. From every circuit, every circuit holds that those federal offense definitions were not important. Congress did not intend to import them. Well, but there's a difference between saying it's important. Usually those are in the cases of interpreting the enhancement to apply where the federal statute wouldn't, the listed federal statute wouldn't. So the definition is not limited to a categorical match with specific federal statutes. But it would be odd indeed for a court to say that when Congress says the enhancement applies if you're convicted of certain federal crimes specified, and then state crimes that have this definition, that a state crime that actually did match the federal crime doesn't come within what Congress meant by its general formulation of what kind of state crimes would apply. Wouldn't that be odd? Well, I don't think so, Your Honor. And I know that that comment was made by the Second Circuit and Lockhart, but that was not the basis of the Supreme Court's affirmance in Lockhart. It was based on the rule of the last antecedent. And that addressed a different issue. That addressed a much broader issue of whether Congress meant to exclude all sex crimes against adults. That's where that notion came in. It would be odd for them to exclude all sex crimes against adults when they didn't do that in the federal crimes. However, every court that has examined it, including the Supreme Court, was unable to say in both opinions in Lockhart that the federal definitions, that the state law offenses match the federal definitions. In fact, they declined to define the state offenses, the generic offenses. Maybe they're going to have to tell us that again. It seems to me that this is such a bizarre application that it's very hard for me to understand that this is where the Supreme Court wants to take us. Well, they left the question open as to the meaning of these offenses. And the circuits have held that the federal definitions do not control. And there's a reason for that. When you look at the statute, you can see that there's no barrier. You keep citing the other federal circuits, but the government, in footnote 5 of their brief, cites the Sixth Circuit, Tenth Circuit, Ninth Circuit, and Fourth Circuit, which have all utilized the relating to language to emphasize what we emphasized in Barker, which is that there does not have to be an exact match of elements with the state crime. Why isn't that really where the other circuits are consistent with Barker? Well, that's a separate issue. That's a different issue. And what I'm arguing is that the language in those cases, interpreting relating to as a very broad term, is incorrect. So all those circuits are wrong. That's not distinguishable. Those are consistent with Barker. And you're saying Barker is wrong and all those circuits are wrong. I think that language in Barker is dicta. It wasn't necessary to its holding. But you think it's wrong. It's wrong, and it's dicta, and it should be corrected. Because in other contexts, this Court itself has interpreted relating to narrowly. In the Thompson case, for example, involving categorical drug crimes, drug offenses. This seems pretty narrow to me as the problem. This is not like something that you could find a house-the-jack-built connection by a long series of arcane relationships that the conduct prescribed in the statute could be connected in the vaguest of possible ways to sexual abuse. This seems like something that comes quite clearly within the ordinary dictionary meaning of abusive sexual conduct. The conduct is sexual. The fact that somebody wants, specifically wants, sexual pleasure out of the conduct, a torturer who engaged in this kind of conduct, it seems to me, is engaging in sexual abuse. That's why torturers do these things. Because the sexual element is itself what makes it abusive, what makes it humiliating. It's not just pain. It's a special kind of pain. Even if it's not painful, the embarrassment, the humiliation may inflict psychological damage on the person. If it's done for the purpose of damaging the person, that just means that no one's getting sexual pleasure from it at that moment. But the conduct is sexual and it's abusive. And that's why I'm just having trouble getting why we have a problem here or why we need to, with all respect to the government's argument, connect this somehow to a very broad definition of relating to, which is, I tend to agree with you, potentially problematic. Well, because that is the way that all of the circuits have defined the crime. Is it sexual contact, mistreatment of a minor for the purpose of sexual gratification? That is the definition that has been established in all the circuits. And it comes from the plain, ordinary meaning analysis that's been followed and dictated by the operation of another definition, that what Congress meant was the ordinary meaning. And what the ordinary dictionary meaning is of sexual is that it's done for the purpose of libidinal satisfaction or sexual gratification. All right. Thank you. Thank you, Ms. Cassidy. We'll thank you both. We'll reserve decision. Thank you, Your Honors. Have a good day.